Robert R. BRIDEWELL; Stanley McAlpin; Daisy S. Pearl; Melville F. Walker; and Eddie C. Rogers, Plaintiffs–Appellants,

v.

THE CINCINNATI REDS, Defendant–Appellee.

No. 94–3562.

United States Court of Appeals, Sixth Circuit.

Argued May 2, 1995.

Decided Oct. 12, 1995.

---

Peter M. Fox (argued and briefed), Kircher, Robinson, Cook, Newman & Welch, Cincinnati, OH, for Plaintiffs–Appellants.

Edward S. Dorsey (argued and briefed), Lindhorst & Dreidame, Cincinnati, OH, for Defendant–Appellee.

Before: NORRIS and DAUGHTREY, Circuit Judges; CHURCHILL, District Judge.*

ALAN E. NORRIS, Circuit Judge.

This is an appeal from the district court's grant of summary judgment in favor of defendant, The Cincinnati Reds (the Reds). Maintenance employees of the Reds alleged that the team violated the Fair Labor Standards Act of 1938 (the Act), 29 U.S.C. §§ 201–219 (1988 & Supp. V 1993), by failing to pay a wage premium for overtime work. The district court granted summary judgment based upon the provision of the Act exempting amusement or recreational establishments that operate for fewer than eight months per year from its requirements. Because we believe that the district court erred in this determination, we reverse.

## I.

The pertinent facts were stipulated by the parties. Plaintiffs are employees of the Reds who perform maintenance and cleaning duties at Cincinnati's Riverfront Stadium. The Reds operate a major league baseball franchise. They normally hold eighty-one regular season home games per year at Riverfront, which they lease from its owner, the City of Cincinnati. They open spring training camp in Florida in February each year, begin playing pre-season exhibition games there in March, and start their regular season at Riverfront in April. Reds' maintenance employees begin working at Riverfront in March to prepare the stadium for the regular season. The season generally ends

---

* The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation.

in September but can extend until October when the Reds qualify to participate in league playoff games.

The Reds' activities at Riverfront are not limited to playing baseball. Under their agreements with the City, the team has the exclusive right to sell advertising on signs at Riverfront throughout the year, to operate the scoreboard during both their games and the games of the Cincinnati Bengals football club, and to contract with a concessionaire to operate at both Reds' and Bengals' games. Also, under contracts with the Bengals, the Reds are obligated to clean parts of the stadium when the Bengals play there. The Reds use their employees to perform all of these functions.

The number of people whom the Reds employ varies throughout the year. About 700 are employed during the peak of activity at Riverfront, roughly from April through September. The Reds employ approximately 120 people on a year-round basis.

Plaintiffs [1] sued in district court, alleging that the Reds violated the Act by failing to pay them a time and one-half wage premium for the hours they worked beyond forty hours per week as required by 29 U.S.C. § 206. The Reds moved for summary judgment, arguing that they are exempt from the Act, since they qualify for the exemption provided by 29 U.S.C. § 213(a)(3) for recreational and amusement establishments that do not operate for more than seven months in a calendar year. The district court granted summary judgment in favor of the Reds on all of plaintiffs' claims.

## II.

■ In reviewing a district court's grant of summary judgment, we proceed *de novo.* *EEOC v. Univ. of Detroit,* 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed.R.Civ.P. 56(c). Here, the question is whether, in view of the undisputed facts, the Reds qualify for the § 213(a)(3) exemption. If so, they are entitled to judgment as a matter of law, and summary judgment is appropriate.

Section 213(a)(3) exempts from the Act's overtime pay provisions "any employee employed by an establishment which is an amusement or recreational establishment . . ., if (A) it does not operate for more than seven months in any calendar year." To qualify for the exemption then, the Reds (1) must be an amusement or recreational establishment and (2) must not operate for more than seven months in a calendar year. The Reds have the burden of establishing entitlement to the exemption, which we construe narrowly. *Brock v. Louvers and Dampers, Inc.,* 817 F.2d 1255, 1256 (6th Cir.1987). The Reds must show that they are "plainly and unmistakably within [the] terms and spirit" of the exemption. *Brennan v. Southern Productions, Inc.,* 513 F.2d 740, 744 (6th Cir. 1975) (citing *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960)).

■ In view of the stipulated facts, it seems to us that the parties incorrectly focus on the duration of the Reds' activities at Riverfront rather than on the duration of the Reds' overall operation. An entity seeking to invoke the § 213(a)(3) exemption must both be an amusement or recreational establishment and operate for fewer than eight months per year. The Reds would have us conflate these separate requirements and instead ask whether the Reds are an establishment that stages amusement activities for fewer than eight months per year. There is nothing in the Act that would suggest that this is the correct approach. The proper inquiry is, assuming *arguendo* that the Reds are an amusement or recreational establishment, whether the Reds operate for more than seven months per year, not whether they are an entity that provides amusement

---

**1.** The five named plaintiffs sued on their own behalf and on behalf of their maintenance and cleaning co-workers who are members of the Service Employees International Union, Local 158-A, AFL-CIO, and who had worked more than 40 hours in a week during the three-year period preceding the filing of the complaint.

or recreation for its customers for more than seven months per year.

It is clear from the stipulated facts that the Reds do indeed operate for more than seven months per year. While a truly seasonal business that employs an insignificant number of workers year-round could conceivably qualify for the exemption, the fact that the Reds employ 120 year-round workers compels the conclusion that they "operate" year-round.

Because the Reds operate for more than seven months in a calendar year, they were not entitled to summary judgment based upon 29 U.S.C. § 213(a)(3).

### III.

For the foregoing reasons, we **reverse** the order of summary judgment in favor of the Reds and **remand** this cause to the district court for further proceedings.